**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**JAMES L. GIBSON,**

    **Plaintiff,**

vs.                                  **CASE NO: 4:20-CV-467-MW-MAF**

**DRUG ENFORCEMENT ADMIN.,
et al.**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, James L. Gibson, a prisoner housed at U.S.P. Jonesville, Virginia, filed this *pro se* "Petition for a Writ of Mandamus," pursuant to the federal Freedom of Information Act (FOIA), 5 U.S.C. § 552 in this Court. ECF No. 1.

Liberally construed, Plaintiff alleges that he made a number of attempts to acquire information relating to the government's proffer made to his co-defendant, Kelvin Burton, and "all relevant information pertaining to the "Brady" material" but the Drug Enforcement Administration (DEA) has not responded to his requests. Id., p. 2. Attached to the "petition" are four letters to the DEA, which are requests under the Freedom of Information Act. Id., pp. 5-11. The letters make general requests of the DEA to provide "all

statements and information" from all persons "known or unknown" including "indictment information, police reports," and certain exhibits relating to Plaintiff's criminal case, N.D. Fla. Case No. 4:09-cr-9-MCR. Id., p. 9-10. Plaintiff maintains that this information will prove he is "actually innocent" of the offense for which he was convicted. Id., p. 2. Plaintiff asks this Court to issue an order directing Defendants to provide the proffer and any other relevant evidence made a part of the criminal record. Id., p. 3.

After careful consideration of Plaintiff's "petition" and review of the attached exhibits, it appears that Plaintiff has filed this case in the wrong venue. Venue for FOIA actions is governed by 5 U.S.C. § 552(a)(4)(B), which provides:

> On complaint, the district court of the United States **in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia**, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant. (emphasis added).

Accordingly, Plaintiff should have filed this case in the Western District of Virginia because he is housed in Jonesville, which is located in Lee County, Virginia. See 28 U.S.C. § 127(b). Alternatively, because Plaintiff filed his FOIA request with the DEA in Washington, D.C., and the statute otherwise dictates, the case is also appropriate in the District of Columbia.

As a result, this Court must either dismiss the case, or if it is in the interest of justice, may transfer the case to the proper district court. See 5 U.S.C. § 552(a)(4)(B). Transfer, rather than dismissal, is preferred. "Venue provisions are designed, not to keep suits out of the federal courts, but merely to allocate suits to the most appropriate or convenient federal forum." Brunette Machine Works, Ltd. v. Kockum Industries, Inc., 406 U.S. 706, 710 (1972). The most convenient federal forum for Plaintiff is the one in which he resides, the Western District of Virginia.

To the extent that Plaintiff seeks court records from the criminal case, he is advised that copies of the court docket and any documents contained therein, which are not under seal, may be obtained by submitting a detailed request to the Clerk of Court, United States District Court Northern District of Florida, 111 N. Adams Street, Ste. 322, Tallahassee, FL 32301. There is a .50 per page charge that can be paid by check of money order made payable to Clerk of Court and mailed with a detailed request.

Here, transfer to the Western District of Virginia is most appropriate. The Plaintiff is situated in that judicial district; and Plaintiff has simply filed the case in the wrong venue. Based on the foregoing, the Undersigned respectfully recommends that this Court TRANSFER this cause to the United States District Court for the Western District of Virginia.

IN CHAMBERS at Tallahassee, Florida, on October 1, 2020.

**s/ Martin A. Fitzpatrick**
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).

Case No. 4:20-cv-467-MW-MAF