CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
January 03, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JAMES L. GIBSON, ) | |
|     Plaintiff, ) | Case No. 7:20-cv-00634 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| GREG MALLARD, et al., ) | Senior United States District Judge |
|     Defendants. ) | |

## MEMORANDUM OPINION

James L. Gibson, a federal inmate proceeding pro se, filed this action under the Freedom of Information Act. After Gibson paid the full filing fee, he was informed that he would be responsible for serving the defendants. Despite receiving extensions of time and service instructions from the court and the United States Attorney for the Western District of Virginia, Gibson has not provided proof of proper service on the defendants, and the time for doing so has expired. Accordingly, the court **DISMISSES** the action without prejudice under Federal Rule of Civil Procedure 4(m).

## Background

This case was previously dismissed without prejudice under Rule 4(m). ECF No. 27. By order entered June 30, 2022, the court granted Gibson's motion to reopen the case and gave him 90 days to serve the federal officials named in his amended complaint. ECF No. 30. After the 90-day period expired, a United States Magistrate Judge directed Gibson to either provide proof of timely service on the defendants or show cause as to why the action should not be dismissed without prejudice pursuant to Rule 4(m). ECF No. 36. Based on Gibson's response and his status as a pro se litigant, the magistrate judge granted Gibson an additional

30 days to accomplish service of process. ECF No. 40. The magistrate judge's May 4, 2023, order cited to the applicable requirements for serving a federal officer or employee, including the requirement that the United States Attorney for the district in which the action is pending must be served with a copy of the summons and complaint, either by hand delivery or "by registered or certified mail to the civil-process clerk at the United States attorney's office." Id. at 2 (citing Fed. R. Civ. P. 4(i)(1)). The order noted that the record contained no indication that the United States Attorney for the Western District of Virginia had been served with process. Id. at 3. The order gave Gibson 45 days to "provide proof of timely and proper service on the defendants and the United States." Id. at 4. Gibson was specifically advised that "failure to comply with these requirements may result in the dismissal of this action without prejudice." Id.

After receiving another extension of time, Gibson filed a "proof of service" indicating that service documents had been sent by certified mail to the named defendants in Washington, D.C., and Tallahassee, Florida. ECF No. 43. The filing provides no indication of any efforts to serve the United States Attorney for the Western District of Virginia.

After becoming aware of the pending action, an Assistant United States Attorney (AUSA) informed Gibson by letter dated October 4, 2023, that service had not been properly effected in accordance with Federal Rule of Civil Procedure 4(i). ECF No. 44. The AUSA supplied Gibson with the names of individuals designated as "Civil Process Clerks for purposes of accepting service on behalf of the United States Attorney for the Western District of Virginia" pursuant to Rule 4(i)(1)(A). Id. at 3. The letter also included a street address and

mailing address for the Roanoke Office of the United States Attorney for the Western District of Virginia. Id. at 1.

Nearly three months later, on December 29, 2023, Gibson filed an affidavit indicating that "all proofs of service are attached." ECF No. 45 at 2. The attached "proof of service for the court" includes receipts for certified mail addressed to the federal officials named as defendants, one of whom is identified as the United States Attorney for the Northern District of Florida. Id. at 3. It also includes receipts for certified mail addressed to the Attorney General of the United States and the United States Attorney's Office in the Northern District of Florida. Id. at 4. Once again, the filing provides no indication of any efforts to serve the United States Attorney for the Western District of Virginia—the district in which the action is pending—as required by Rule 4(i) and the order entered on May 4, 2023. See, e.g., Andrews v. Brown, No. 3:23-cv-00264, 2024 WL 4520123, at *2 (E.D. Va. Oct. 17, 2024) (explaining that "to effectuate proper service of process upon a federal official . . . , a plaintiff must (1) serve a copy of the summons and complaint upon the Office of the United States Attorney for the district in which the action is pending, either by certified or registered mail or by hand delivery; and (2) serve a copy of the summons and complaint upon the Attorney General by certified or registered mail") (citing Fed. R. Civ. P. 4(i)).

The court has received no further communications from Gibson. According to the Bureau of Prison's Inmate Locator, Gibson was released from custody in April 2024. He has not provided an updated mailing address or advised the court of his release from incarceration.

3

## Discussion

A plaintiff typically has ninety days to complete service of process. Fed. R. Civ. P. 4(m). If a defendant is not timely served, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Id. "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Id.

The United States Court of Appeals for the Fourth Circuit has explained that "good cause" within the meaning of Rule 4(m) "requires a 'showing of diligence on the part of the plaintiff[].'" Gelin v. Shuman, 35 F.4th 212, 218 (4th Cir. 2022) (quoting Attkisson v. Holder, 925 F.3d 606, 627 (4th Cir. 2019)). "Consistent with that foundational principle, good cause is commonly found to exist when the failure of service is due to external factors, such as the defendant's intentional evasion of service." Id. (internal quotation marks and brackets omitted). On the other hand, "significant periods of inactivity and a failure to seek extension of time before the deadline has lapsed tend to undercut any claim of good cause." Id. (internal quotation marks and brackets omitted). "At bottom, while good cause is a flexible standard, diligence provides a touchstone" for determining whether a showing of good cause has been made. Id. (internal quotation marks and brackets omitted). "[C]ourts have rejected excuses based on . . . ignorance of the rule, the absence of prejudice to the defendant, inadvertence of counsel, or the expenditure of efforts that fall short of real diligence by the serving party." Id. (alterations in original) (internal quotation marks omitted).

Gibson was previously advised that this case would be dismissed without prejudice if the defendants were not properly served within a specified time, as required by Rule 4(m).

4

Despite receiving another extension of time and service instructions from the court and an AUSA, Gibson has not provided proof of proper service on the United States Attorney for the Western District of Virginia. Nor has he established good cause for his failure to comply with the service requirement. The mere fact that Gibson is proceeding without counsel does not constitute good cause within the meaning of Rule 4(m). See Shirley v. Staubs, 812 F. App'x 162, 162–63 (4th Cir. 2020) ("A plaintiff's pro se status is not sufficient to establish good cause. Rather, we can find good cause to extend the service deadline only if the plaintiff made reasonable and diligent efforts to effect service within the [requisite] period."); Thrasher v. City of Amarillo, 709 F.3d 509, 511 (5th Cir. 2013) ("A litigant's pro se status neither excuses his failure to effect service nor excuses him for lack of knowledge of the Rules of Civil Procedure.") (footnotes omitted).

"[E]ven absent a showing of good cause," a district court "possesses discretion to grant the plaintiff an extension of time to serve a defendant with the complaint and summons." Gelin, 35 F.4th at 220. Here, however, the court is unable to find that the circumstances warrant a discretionary extension. More than a year has passed since Gibson was advised of the applicable service requirements, and there is no indication that he has attempted to accomplish service on the United States Attorney for the Western District of Virginia. Moreover, given that the court has received no communications from Gibson since he was released from custody in April 2024, the court has no reason to believe that service would be properly accomplished at any time in the foreseeable future. See Smith v. Fletcher, No. 3:22-cv-00782, 2023 U.S. Dist. LEXIS 13158, at *2 (E.D. Va. Jan. 25, 2023) (dismissing claims against a defendant without prejudice under Rule 4(m) where the pro se inmate failed to show

5

good cause for the failure to accomplish service and provided no indication that the defendant would be properly served at any time in the future); McCoy v. Abassi, No. 3:10-cv-00875, 2012 WL 4933301, at *2 (E.D. Va. Oct. 16, 2012) (noting that "[t]he court cannot countenance the bringing of an action . . . to languish on its docket until some indefinite future date when the plaintiff may actually be able to serve [the] defendants") (internal quotation marks omitted). Accordingly, the court finds it appropriate to dismiss Gibson's claims against the defendants without prejudice.

## Conclusion

For the reasons stated, the claims against the defendants are **DISMISSED** without prejudice pursuant to Rule 4(m). An appropriate order will be entered.

Entered: January 2, 2025

Mike Urbanski       Senior
U.S. District Judge
2025.01.02 21:24:04 -05'00'

Michael F. Urbanski
Senior United States District Judge